CULPEPPER, Judge.
This is a suit for damages for defective construction. Plaintiff contracted with defendant to furnish the labor and mortar to construct the outside brick veneer walls of plaintiff’s new home. After the house was completed, water seeped through the walls and damaged the floors and carpeting. The district judge awarded plaintiff $3,509.18. Defendant appealed. Plaintiff answered the appeal, seeking an increase in the award to the amount sought.
The issues are (1) whether the construction was defective and (2) the amount of the award.
The facts show that the plaintiff, Mr. Irby L. Gordon, Jr., was acting as his own general contractor in the construction of a residence. He entered into an oral subcontract with defendant, a partnership, to furnish the labor and mortar necessary to construct the outside brick veneer wall, for a price of $608.33. Plaintiff furnished the briclc.
The house was completed about July 1, 1968. During September of 1968, after several days of heavy rain, water penetrated the outside walls of the residence and caused damage to the floors and carpets.
Mr. Robert W. Barras,, a registered architect and college professor in that field, testifed for plaintiff that the cause of the damage was defective construction of the brick veneer wall. Mr. Barras explained that he examined the wall in detail and found that many mortar joints had completely fallen out, due either to improper mixing of the mortar or to the fact that the mortar joints were not solid. Pictures taken by Mr. Barras and introduced into evidence show some of these mortar joints which have crumbled away. He explained that during a hard driving rain water went through these open mortar joints and then down between the back of the brick veneer wall and the sheathing to the concrete slab. It was trapped there and accumulated in sufficient quantity to back up over the top of the slab and go into the house on the floor.
Essentially, defendant’s position is that the cause of the damage was the failure of the carpenters to install flashing (a waterproof sheet of copper or other nonporous material) between the outer walls and the brick veneer walls to prevent moisture from entering the dwelling. Defendants say that all brick walls are porous to an extent, and water will penetrate them. They argue that unless flashing is installed there is always a danger of water damage from heavy rains. Mr. Clifford Leger, 'a member of the defendant partnership, testified that he saw the premises before the brick veneer walls were installed and there was no flashing material on the exterior of the studding.
Nevertheless, the district judge was impressed with the testimony of Mr. Barras.' *543 He stated that even if flashing had been installed it would not have prevented the damage. Barras explained that flashing combs in pieces no more than about 10 feet wide. If sufficient water accumulates between the bottom of the brick wall and the slab to come over the floor level of the slab, as it did in this case, it will go into the dwelling at the places where the flashing overlaps. Barras testified that if the brick wall had been properly constructed, only a small amount of moisture could have seeped through. This would have gone out through the weep holes. It could not have accumulated in sufficient quantity to back up and go over the slab.
There is ample evidence to support the holding of the trial judge that the cause of the damage was defective construction of the brick wall.
The court awarded plaintiff $3,509.18, of which $1,771.18 represents the cost of replacing the carpets, and $1,738 represents the cost of removing and replacing the brick wall. Plaintiff answered the appeal, contending the award for replacing the brick wall should be increased to $2,730.
The district judge used the estimate of Mr. Arron Clark, an experienced brick contractor, that 8,000 or 9,000 bricks would be required, at $72 per thousand for the brick, $985 for labor and 60 bags of mortar at $1.75, making a total of $1,738. Plaintiff contends the district judge should have followed the estimate by Krause and Man-agan, as verified by Mr. Barras, that more brick were needed. The district judge apparently was impressed by the testimony of Mr. Clifford Leger that the original job called for only 8,000 or 9,000 bricks. We find no manifest error in the award by the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.